

## COZEN
## O'CONNOR
### ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

September 18, 2007

H. Robert Fiebach
Direct Phone 215.665.4166
Direct Fax   215.701.2466
rfiebach@cozen.com

**VIA FACSIMILE**
Honorable Charles L. Brieant
United States Court House
300 Quarropas Street
Room 275
White Plains, NY 10601

Re:  Sunrise Equity Partners, L.P. v. Workstream, Inc., et al.
     Docket No. 06-CV-7754
     Nathan A. Low, et al. v. Workstream, Inc., et al.
     Docket No. 07-CV-2917

Dear Judge Brieant:

We have Mr. Rabin's letter to the Court dated September 17, 2007, and wish to briefly reply.

Mr. Rabin's letter appears to have been prompted by having "just discovered" that a "smoking gun" document was produced in the class action. Mr. Rabin asserts that the document indicates the defendants' knowledge that its forecasting ability was seriously flawed and that defendants knew their forecasts did not have a reasonable basis.

Mr. Rabin's letter overlooks several things, putting aside the fact that the document he is referring to was created three months <u>after</u> the events at issue in this case and related to a state of events going forward. Although Mr. Rabin is correct that defendants agreed to produce

Honorable Charles L. Brieant
September 18, 2007
Page 2

---

transcripts of depositions and exhibits taken in the class action, the fact is that we only last week received the transcript of the deposition of Mr. Polansky, in which the referenced document had been marked, and then we immediately e-mailed the deposition to Mr. Rabin and mailed to him copies of the voluminous exhibits once we had a chance to duplicate them. When Mr. Rabin's office told us yesterday that he had yet to receive the exhibits, but requested this particular exhibit, we immediately e-mailed him a copy.

Further, the parties have had outstanding to one another document requests due on a mutual deadline. The parties have granted each other extensions of time to respond to those document requests. The deadline for response is later this week. Any additional documents called for will be provided pursuant to our response to that request.

Finally, Mr. Rabin should certainly be aware that he produced a critical document on the day of his client's deposition, and that we have yet to receive all of the documents of his clients as well.

We respectfully suggest that there is no call for a conference to discuss a requirement that the plaintiffs receive all of the documents produced in the class action. Mr. Rabin long ago acknowledged to the Court that the two actions involved different transactions, different issues and different time periods. This is as true now as it was then. Mr. Rabin's gratuitous intimation of impropriety in the last sentence of his letter is also uncalled for.

Respectfully,

COZEN O'CONNOR

By: H. Robert Fiebach

HRF:jss

Honorable Charles L. Brieant
September 18, 2007
Page 3

---

cc:   I. Stephen Rabin, Esquire
       Gary L. Leshko, Esquire


PHILADELPHIA\3358149\1 192138.000